UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES McGEE,

    Petitioner,

v.                                              Case No. 2:12-cv-191
                                              HON. R. ALLAN EDGAR

CATHERINE BAUMAN,

    Respondent.
_____/

**MEMORANDUM AND ORDER**

    Petitioner Charles McGee, a Michigan state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The style of this habeas action has been amended to provide that Catherine Bauman is the only correct respondent. [Court Doc. No. 2].

    On June 13, 2012, Magistrate Judge Timothy P. Greeley submitted his report recommending that the habeas petition be denied and dismissed with prejudice on the ground that it is time-barred by the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A). [Court Doc. No. 6]. Petitioner McGee has failed to show that he is entitled to equitable tolling of the statute of limitation. Furthermore, even if the habeas petition had been timely filed, the Magistrate Judge recommends that it be denied and dismissed with prejudice on the alternative ground that the habeas petition is completely without merit. It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2).

1

Petitioner McGee has not timely filed any objections to the report and recommendation. After reviewing the record, the Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b).  The Court concludes that the petition for writ of habeas corpus brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground it is time-barred by the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A).  Even if the habeas petition had been timely filed, the Court concludes that it must be denied and dismissed with prejudice on the alternative ground that the habeas petition is entirely without merit and frivolous.

If petitioner McGee files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) for the same reasons expressed in the report and recommendation.  Reasonable jurists could not find it debatable whether the habeas petition has been properly dismissed on the ground that it is time-barred the statute of limitation in 28 U.S.C. § 2244(d)(1).

A separate judgment will enter.

SO ORDERED.

Dated:  July 9, 2012.

                                                    /s/    R. Allan Edgar  
                                                      R. ALLAN EDGAR  
                                           UNITED STATES DISTRICT JUDGE